UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN FLYNN,
    Plaintiff,

v.

TILCHIN & HALL, P.C.,
a Michigan corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Karen Flynn, through counsel, Michigan Consumer Credit Lawyers, state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA.  15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in South Lyon, Oakland County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the term is defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Tilchin & Hall, P.C. ("Tilchin & Hall") which is a Michigan corporation that maintains a registered agent in Northville, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff regarding association dues to Eagle Heights Association (the

"Debt"). Ms. Flynn lives in a house but the neighborhood is considered a "site condominium." Defendant alleged that Ms. Flynn was behind on her association dues in the amount of $210.00. However, this is false as Ms. Flynn paid Eagle Heights $210.00 on or about September 2, 2016.

9. On or about September 20, 2016, Defendant filed a Notice of Lien and Affidavit against Ms. Flynn's property. Defendant filed this with the Oakland County Register of Deeds. The Notice of Lien and Affidavit stated that Ms. Flynn was in default in the amount of $235.00 and that she owed actual attorneys and recording fees in the amount of $228.00.

10. On or about September 20, 2016, Ms. Flynn received a letter from Defendant. This is the first letter she received from Defendant.

11. In this letter, Defendant stated that it was filing a lien against her unit to secure payment of the delinquent assessments, Defendant stated, "This procedure is authorized by the recorded Mast Deed of the Condominium Association." Defendant stated that the Condominium Association was empowered and elected to foreclose the assessment lien by advertisement. Defendant stated, "In order to discharge the lien, please send me a check in the amount of $543.00 payable to Eagle Heights Association." This is a misrepresentation because as of September 20, 2016, a lien had not been recorded against Ms. Flynn. It was in fact recorded on September 27, 2016.

Defendant stated that amount would cover her arrearage of $463.00 plus a $50.00 attorney fee and $30.00 recording fee for processing the discharge. This is a violation as Defendant was attempting to collect a future fee for the discharge that had not even existed yet. Further, Defendant threatened to foreclose Ms. Flynn's home as it stated, "If the total amount due is not received within 10 days, we will proceed on behalf of the Association to foreclose the lien by advertisement."

12. Defendant then went on to give Ms. Flynn the 30-day validation notice rights, as required by the FDCPA. However, this was overshadowed by its above demand for her to pay in 10 days. Further, Defendant misrepresented the 30-day validation notice rights by stating, "We may proceed with suit against you without waiting the 30 days, if so requested by our clients." That statement is false.

13. On or about November 7, 2016, Ms. Flynn received another letter from Defendant which stated that it was directed to begin a circuit court lawsuit for assessment lien foreclosure and a money judgment on the lien that was recorded on September 27, 2016. In its letter, Defendant requested that Ms. Flynn send her a check in the amount of $852.00 in order to stop proceeding within 10 days. Defendant stated that the current balance of $852.00.

Defendant again added future charges for services that had not been performed.

14. On or about November 21, 2016, Defendant filed a lawsuit against Ms. Flynn. In its Complaint, Defendant stated Ms. Flynn owed it $1,357.00 for past due assessments, late fees and collection costs.

15. On or about November 21, 2016, Defendant filed a Notice of Lis Pendens with the court.

16. On or about December 5, 2016, Ms. Flynn contacted Catherine Mills from Defendant's office to request a breakdown of the expenses regarding the lawsuit.

17. On or about December 6, 2016, Ms. Flynn received a Breakdown of Fees from Defendant. This showed that she owed a balance of $1,613.50. This balance included the following future costs:

    a. Discharge of Lien-$50.00;
    b. Recording Fee-$30.00;
    c. Discharge of Lis Pendens-$50.00;
    d. Recording Fee-$30.00; and
    e. Estimated time for either dismissal or Consent Judgment-$97.50.

18. On or about December 11, 2016, Ms. Flynn sent an email to Defendant, Catherine Mills, and requested a payment plan. In some of these emails, Defendant failed to identify itself as a debt collector.

19. On or about December 13, 2016, Ms. Flynn signed a Settlement Agreement with Defendant which ordered her to enter in to a Consent Judgment. She agreed to pay it monthly payments of $268.92 until the Judgment was satisfied in the amount of $1,613.50.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.
21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
22. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.
23. Defendant is a "debt collector" under the FDCPA.
24. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Defendant did this when it sent Ms. Flynn a letter stating that it filed a lien against her property seven days before actually recording the lien and threatened to foreclose on her home if it did not receive payment within 10 days. Further, Defendant

attempted to collect a future fee for the discharge of the lien that had not even existed yet.

b. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it attempted to collect the alleged Debt from Ms. Flynn although it had been previously paid by her. Defendant also did this when it stated in a letter that it placed a lien on Ms. Flynn's home even though the lien was recorded seven days later.

c. 15 U.S.C. §1692f(1) by collecting an amount not permitted by law. Defendant did this when it attempted to collect the Debt that Ms. Flynn did not even owe and when it attempted to collect future costs for services that had not even existed yet on multiple occasions from Ms. Flynn.

d. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when it misrepresented the date in which the lien was recorded to Ms. Flynn. It also did this when it misrepresented to Ms. Flynn that it could file a lawsuit against her without waiting the 30-days if she disputed the alleged Debt.

e. 15 U.S.C. §1692e(11) by failing to identify itself as a debt collector in subsequent communications. Defendant did this when it failed to

communicate that it was a debt collector in emails it sent to Ms. Flynn.

25. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. Defendant did this when it sent Ms. Flynn a letter stating that it filed a lien against her property seven days before actually recording the lien and threatened to foreclose on her home if it did not received payment within 10 days.

Further, Defendant attempted to collect a future fee for the discharge of the lien that had not even existed yet and other future fees when it sent Ms. Flynn a balance breakdown. In addition, Defendant failed to identify itself as a debt collector in some of its subsequent communications;

b. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it stated in a letter that it placed a lien on Ms. Flynn's home even though the lien was recorded seven days later;

c. MCL §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it sent Ms. Flynn a letter stating that it filed a lien against her property seven days before actually recording the lien and threatened to foreclose on her home if it did not receive payment within 10 days.

d. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

31. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

34. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

35. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. Defendant did this when it sent Ms. Flynn a letter stating that it filed a lien against her property seven days before actually recording the lien and threatened to foreclose on her home if it did not received payment within 10 days. Further, Defendant attempted to collect a future fee for the discharge of the lien that had not even existed yet and other future fees when it sent Ms. Flynn a balance breakdown.

    b. MCL §445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it stated in a

letter that it placed a lien on Ms. Flynn's home even though the lien was recorded seven days later.

c. MCL §445.252(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it sent Ms. Flynn a letter stating that it filed a lien against her property seven days before actually recording the lien and threatened to foreclose on her home if it did not receive payment within 10 days.

d. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

37. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the defendant:

a. Actual damages.
b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: January 4, 2017